IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JULIAN RAY BETTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>BILL KNOWLES in his individual capacity and official capacity as Commander of the 15th Circuit Drug Enforcement Unit Task Force; JIMMY RICHARDSON, II in his individual capacity and official capacity as 15th Circuit Solicitor; DEAN BISHOP in his individual capacity; CHAD GUESS in his individual capacity; FRANK WADDELL in his individual capacity; CHRIS DENNIS in his individual capacity; and DAVID BELUE in his individual capacity, and THE CITY OF MYRTLE BEACH,<br><br>                    Defendants. | C.A. NO. 4:15-cv-04638-RBH-KDW<br><br><br><br>**DAVID BELUE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

David Belue ("Belue") answering the Amended Complaint, respectfully would allege and show unto this Honorable Court as follows:

**AS A FIRST DEFENSE**
*(Failure to State a Claim)*

1.      The Complaint fails to state facts sufficient to constitute any cause of action against Belue, and fails to raise any genuine issue of triable fact, and should, therefore, be dismissed or judgment thereon entered in favor of Belue, pursuant to Rules 12(b)(6), 12(c), 41, or 56, FRCP.

**AS A SECOND DEFENSE**
*(Qualified General Denial)*

2.      Belue denies each and every allegation not hereinafter expressly admitted.

3.      Belue denies Paragraph 1.

4.      Belue admits Paragraph 2.

1

5.      As to Paragraph 3, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

6.      Belue denies Paragraph 4.

7.      As to Paragraph 5, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

8.      Belue denies Paragraph 6.

9.      As to Paragraphs 7 and 8, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

10.     Belue denies Paragraphs 9, 10, 11, and 12.

11.     Belue admits Paragraphs 13 through 28.

12.     As to Paragraph 29, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

13.     Belue admits Paragraphs 30, 31 and 32.

14.     As to Paragraph 33, Belue denies the same and would further show that the agreement is unambiguous and speaks for itself.

15.     Paragraphs 34, 35, 36, 37, and 38 express overly broad legal opinions, and therefore, Belue denies the same.

16.     Belue denies Paragraphs 39 and 40.

17.     As to Paragraph 41, Belue admits City Council voted to ratify a revised DEU Agreement that was in effect throughout April 2015. Belue denies all other allegations in Paragraph 41.

18.     Belue denies Paragraph 42.

19.     Belue denies Paragraphs 43, 44, and 45.

20.     Paragraph 46 expresses an overly broad legal opinion and therefore, Belue denies the same.

2

21.    As to Paragraphs 47, 48, 49, and 50, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

22.    As to Paragraph 51, Belue is informed and believes the allegations are true.

23.    As to Paragraphs 52 through 61, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

24.    Belue denies Paragraph 62.

25.    As to Paragraphs 63, 64, 65, 66, and 67, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

26.    As to Paragraph 68, Belue is informed and believes the same is true.

27.    As to Paragraphs 69, 70, and 71, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

28.    Belue denies Paragraphs 72, 73, 74, 75, 76, and 77.

29.    As to Paragraphs 78, 79, 80, 81, 82, and 83, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

30.    Belue denies Paragraphs 84 through 96.

31.    As to Paragraphs 97, 98, 99, 100, 101, and 102, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

32.    Belue denies Paragraph 103.

33.    As to Paragraph 104, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

34.    Belue denies Paragraph 105.

35.    As to Paragraphs 106, 107, and 108, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

36.    As to Paragraphs 109 through 116, Belue is informed and believes the same are true.

37.    As to Paragraphs 117 through 122, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

38.    Belue denies Paragraphs 123 through 127.

39.    As to Paragraph 128, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

40.    Belue admits Paragraph 129.

41.    As to Paragraphs 130, 131, 132, and 133, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

42.    Belue denies Paragraph 134.

43.    As to Paragraph 135, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

44.    Belue denies Paragraph 136.

45.    As to Paragraphs 137 through 143, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

46.    Belue denies Paragraph 144.

47.    As to Paragraphs 145 through 149, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

48.    Belue denies Paragraph 150.

49.    Belue admits Paragraph 151.

50.    Belue denies Paragraphs 152 through 164.

51.     Belue admits Paragraph 165.

52.     Belue denies Paragraphs 166 through 170.

53.     As to Paragraph 171, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

54.     Belue denies Paragraphs 172 through 175.

55.     Belue admits 176.

56.     Belue denies Paragraphs 177 through 181.

57.     As to Paragraph 182, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

58.     Belue denies Paragraphs 183 to 186.

59.     Belue admits Paragraph 187.

60.     Belue denies Paragraphs 188 through 193.

61.     As to Paragraph 194, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

62.     Belue denies Paragraphs 195 through 198.

63.     Belue admits Paragraph 199.

64.     As to Paragraphs 200 and 201, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

65.     Belue denies Paragraphs 202 through 205.

66.     Belue admits Paragraph 206.

67.     Belue denies Paragraphs 207 through 215.

68.     Belue admits Paragraph 216.

69.     As to Paragraph 217, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

70.    Belue denies Paragraphs 218 through 221.

71.    Belue admits Paragraph 222.

72.    Belue denies Paragraphs 223 through 227.

73.    Belue admits Paragraph 228.

74.    Belue denies Paragraphs 229 through 232.

75.    Belue admits Paragraph 233.

76.    Belue denies Paragraph 234.

77.    Belue admits Paragraph 235.

78.    Belue denies Paragraphs 236 through 243.

79.    Belue admits Paragraph 244.

80.    Belue denies Paragraphs 245 through 258.

81.    Belue admits Paragraph 259.

82.    As to Paragraphs 260 through 266, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

83.    Belue denies Paragraph 267.

84.    Belue admits Paragraph 268.

85.    As to Paragraphs 269 through 276, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

86.    Belue denies Paragraph 277.

87.    Belue admits Paragraph 278.

88.    As to Paragraphs 279 through 281, Belue does not have information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies the same.

### AS A THIRD DEFENSE
*(Qualified Immunity)*

89.    Belue repeats each and every defense stated above as fully as if repeated here.

6

90.    At all times relevant hereto, Belue acted in good faith is therefore entitled to qualified immunity as to Plaintiff's allegations.

## AS A FOURTH DEFENSE
*(Intervening/Superseding Cause)*

91.    Belue repeats each and every defense stated above as fully as if repeated here.

92.    The injuries allegedly sustained by Plaintiff, which are denied, were the direct and proximate result of the negligent acts of the Plaintiff or a third person whose actions and conduct were not apparent or reasonably foreseeable to Belue, and Belue pleads intervening and superseding cause as a complete bar or limit to Plaintiff's claims which should be dismissed, denied or limited accordingly.

## AS A FIFTH DEFENSE
*(Comparative Negligence)*

93.    Belue repeats each and every defense stated above as fully as if repeated here.

94.    If Belue was negligent, grossly negligent, malicious, or willfully or wantonly reckless in any particular, which is expressly denied, nevertheless any injuries or damages allegedly sustained by the Plaintiff as set forth in the Complaint, were due to and caused by the Plaintiff's own acts of negligence, gross negligence, maliciousness, or willful or wanton recklessness and which acts or omissions on the part of the Plaintiff combined with, contributed to, and concurred with any alleged negligent or careless acts of Belue, without which the injury or damages complained of would not have occurred or been sustained, and Belue pleads that the Plaintiff's comparative negligence, gross negligence, maliciousness, and willful or wanton recklessness were of such degree that such is a complete bar to the within action, and in any event, any recovery by the Plaintiff should be reduced in proportion to that degree of his negligence, gross negligence, maliciousness, and willful and wanton recklessness.

## AS A SIXTH DEFENSE
### *(Tort Claims Act)*

95.    The City repeats each and every defense stated above as fully as if repeated here.

96.    As to any portion of the Complaint that may be interpreted as brought under the South

Carolina Tort Claims Act, § 15-78-10, *et seq.*, of the South Carolina Code of Laws, Belue pleads

said act and all pertinent provisions contained therein as a limitation or bar on the Plaintiff's

claims.

## AS A SEVENTH DEFENSE
### *(Truth)*

97.    Belue repeats each and every defense stated above as fully as if repeated here.

98.    Belue asserts the truth as an affirmative defense to Plaintiff's state law cause of action for

defamation.

## AS AN EIGHTH DEFENSE
### *(Absolute Privilege)*

99.    Belue repeats each and every defense stated above as fully as if repeated here.

100.    Belue asserts absolute privilege as an affirmative defense to Plaintiff's state law cause of

action for defamation.

## AS A NINTH DEFENSE
### *(Qualified/Conditional Privilege)*

101.    Belue repeats each and every defense stated above as fully as if repeated here.

102.    Belue asserts South Carolina's common law qualified and conditional privileges as an

affirmative defense to Plaintiff's state law cause of action for defamation.

## RESERVATION OF RIGHT TO ASSERT FUTURE DEFENSES

103.    Belue hereby expressly reserves the right to assert future affirmative defenses.

WHEREFORE, The Belue prays as follows:

A. That the Complaint be dismissed;

B. That Belue be granted the costs and attorneys' fees in this action; and

C. That it be granted such further and other relief as this Court may deem just and proper.

s/James R. Battle
Fed ID #: 10221
BATTLE LAW FIRM, LLC
Attorney for Defendant David Belue
P.O. Box 530
1200 Main Street
Conway, SC 29528
(p) (843) 248-4321

May 6, 2016
Conway, South Carolina