UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Julian Ray Betton,<br><br>       Plaintiff,<br><br>vs.<br><br><br><br>Bill Knowles in his individual<br>capacity and official capacity as<br>Commander of the 15th Circuit Drug<br>Enforcement Unit Task Force; Jimmy<br>Richardson II in his individual<br>capacity and official capacity as 15th<br>Circuit Solicitor; Dean Bishop in his<br>individual capacity; Chad Guess in his<br>individual capacity; Frank Waddell<br>in his individual capacity; Chris Dennis<br>in his individual capacity; David Belue<br>in his individual capacity; and the City<br>of Myrtle Beach,<br><br>       Defendants. | Civil Action No.: 4:15-cv-04638-AMQ<br><br><br><br>**ORDER AND OPINION** |

   This matter is before the Court on the Motion for Summary Judgment filed by Defendant David Belue ("Belue") (ECF No. 149) and the Motion for Summary Judgment filed by the City of Myrtle Beach ("Myrtle Beach"). (ECF No. 142.) Plaintiff Julian Ray Betton ("Plaintiff") filed this action under 42 U.S.C. § 1983 alleging causes of action against several defendants for violations of his Fourth and Fourteenth Amendment rights arising from the execution of a search warrant that resulted in severe injuries to Plaintiff and rendered him a paraplegic. (ECF No. 1, 102.) Plaintiff also alleged several accompanying state law claims against the Defendants.

1

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On May 21, 2018, Magistrate Judge Kaymani D. West, issued a report and recommendation ("Report") recommending that Belue's Motion for Summary Judgment be granted in part and denied in part. The Magistrate Judge further recommends that Myrtle Beach's Motion be denied. (ECF No. 173.) Belue and Myrtle Beach filed Objections to the Report (ECF Nos. 180, 181) and Plaintiff filed Responses to Belue and Myrtle Beach's Objections to the Report. (ECF Nos. 191, 192). For the reasons set forth herein, the Court adopts the Report and Belue's Motion for Summary Judgment is hereby GRANTED in part and DENIED in part as set forth more fully below. (ECF No. 149.) Additionally, Myrtle Beach's Motion for Summary Judgment is DENIED as further set forth below. (ECF No. 142.)

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. Before this Court are Motions for Summary Judgment filed by Defendants Belue and Myrtle Beach. On or around January 11, 2018, the parties in this action participated in a mediation which resulted in a settlement of the claims as to all Defendants except Belue and Myrtle Beach. A stipulation of dismissal as to all claims asserted by Plaintiff against Defendants Bill Knowles, Jimmy Richardson, II, Dean Bishop, Chad Guess, Frank Waddell and Chris Dennis was entered on March 27, 2018, ending the case against those Defendants with prejudice. (ECF No. 167.) Non-settling Defendants Myrtle Beach and Belue filed their Motions on January 5, 2018 and February 15, 2018, respectively.

In his Amended Complaint, Plaintiff brings claims under § 1983 for Fourth Amendment violations against Myrtle Beach, alleging that it is liable as a municipality for the actions of the

Drug Enforcement Unit ("DEU"), which is the regional drug task force which executed the search warrant on Plaintiff's home. (ECF No. 102.) Myrtle Beach moves for summary judgment on the grounds that Plaintiff cannot show that his injuries were caused by action on the part of Myrtle Beach pursuant to official municipal policy as required by *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). (ECF No. 142.)

Plaintiff asserts three federal claims against Belue: (1) unlawful entry in violation of the Fourth Amendment; (2) use of excessive force to arrest Plaintiff in violation of the Fourth Amendment; and (3) excessive force in violation of the Fourth and Fourteenth Amendment as it relates to Belue's entry into Plaintiff's home using SWAT-like tactics. (ECF No. 102.) Belue moves for summary judgment on the Fourth and Fourteenth Amendment claims asserted against him on the basis of qualified immunity. (ECF No. 149-1 at 5.) Belue further claims he is entitled to summary judgment on the state law claims asserted against him based on the South Carolina Tort Claims Act ("SCTCA") and by virtue of Plaintiff's settlement of claims arising from the same occurrence with the other Defendants. (ECF No. 149-1 at 25.)

After consideration of the Motions and the record, the Magistrate Judge issued a Report recommending that Belue's Motion for Summary Judgment be granted as to Plaintiff's § 1983 claim for Fourth and Fourteenth Amendment tactical excessive force violations. (ECF No. 173 at 44.) The Magistrate Judge, however, recommends denying Belue's Motion on Plaintiff's Fourth Amendment causes of action for unlawful entry and excessive force, and on Plaintiff's remaining state law causes of action, based on the existence of disputed facts concerning these claims. (ECF No. 173 at 44.) The Magistrate Judge also recommends that Myrtle Beach's Motion for Summary Judgment on Plaintiff's claims for municipal liability under § 1983 be denied. (ECF

3

No. 173 at 44.) The parties have filed objections and responses and the Motions and responses are now ripe for this Court's review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS AND DISCUSSION

After setting forth the facts and the parties' arguments, the Magistrate Judge carefully detailed the relevant law, particularly noting the Fourth Amendment's guarantee and requirements regarding search and seizure and knock and announce rules. (ECF No. 173 at 10-12.) The Magistrate Judge first addressed Belue's Motion for Summary Judgment with particular attention to Belue's potential culpability for the unlawful entry claim. There is evidence in the record that Belue was the first agent on Plaintiff's porch with the ability to knock and announce the officers' presence before the entry into the home. (ECF No. 163-5 at 55.) The Magistrate Judge recommends that a reasonable jury could find that Belue was a direct

participant in the alleged unlawful entry into Plaintiff's residence. (ECF No. 173 at 14-16.) The Magistrate Judge also concludes that a reasonable jury could find that there were no exigent circumstances to justify a warrantless search, in that the officers created any exigency by entering Plaintiff's residence without knocking and announcing first. (ECF No. 173 at 17-18.)

Next, the Magistrate Judge set forth the relevant law concerning the excessive force claim with particular attention to the Supreme Court's opinion in *Graham v. Connor*, 490 U.S. 386 (1989). (ECF No. 173 at 18.) After outlining the parties' arguments, the Magistrate Judge recommends that questions of fact remain as to what occurred in Plaintiff's home after the officers entered, thereby precluding summary judgment on whether Belue and the other officers used a reasonable amount of force during the confrontation with Plaintiff. (ECF No. 173 at 20-21.) In light of these recommendations, the Magistrate Judge further recommends that Belue is not entitled to qualified immunity on either the excessive force or unlawful entry claims, in that Plaintiff has alleged a constitutional violation of rights that were clearly established at the time of the violation. (ECF No. 173 at 25-27.)

As for the third federal claim against Belue for tactical excessive force, the Magistrate Judge recommends that Belue's Motion for Summary Judgment be granted. The Magistrate Judge recommends that Belue is entitled to qualified immunity because he did not make the decision to use tactical force or SWAT-like tactics as part of the DEU operation. Finally, the Magistrate Judge also recommends denying Belue's Motion for Summary Judgment on Plaintiff's remaining state law claims as there remain questions of fact concerning Belue's alleged unlawful entry and alleged use of excessive force. (ECF No. 173 at 29-30.)

The Magistrate Judge also addressed the municipal liability claims against the City in the second part of the Report related to the practices of the DEU. (ECF No. 173 at 32.) The

Magistrate Judge specifically responded to Plaintiff's allegations that Myrtle Beach is liable for the DEU's purported practice of violating the Fourth Amendment knock and announce rule in that it delegated its drug enforcement and policymaking authority to the DEU governing board. (ECF No. 173 at 33-34.) The Magistrate Judge analyzed the relevant statutory provisions to recommend a finding by the Court that Myrtle Beach and Chief of Police Warren Gall have "final policy making authority" over the DEU by virtue of its agreement with the DEU and Chief Gall's appointment to the DEU governing board. (ECF No. 173 at 36.) The Magistrate Judge concluded that a reasonable jury could find that both Myrtle Beach and Chief Gall had actual or constructive knowledge of the alleged widespread practice or custom of executing standard search warrants without first knocking and announcing. (ECF No. 173 at 40.) In sum, the Magistrate Judge acknowledged that a reasonable jury could conclude that the Myrtle Beach's failure to address and correct the alleged deficiencies in the DEU search warrant policies and practices exhibited deliberate indifference for which Myrtle Beach was responsible. (ECF No. 173 at 43-45.)

Myrtle Beach filed Objections to the Report on June 14, 2018. (ECF No. 180.) Myrtle Beach claims that the Magistrate Judge erred in reporting that Myrtle Beach delegated its policy making authority to the DEU and in recommending that the City should be held liable for DEU's alleged failure to knock and announce custom or policy in this case. (ECF No. 180 at 2.) Specifically, Myrtle Beach claims that the Magistrate Judge did not properly analyze the terms of the City's Agreement with the DEU to determine who was the final policy maker, nor did she analyze the statute creating the multi-jurisdictional task force to determine the authority of the DEU, and ultimately Myrtle Beach's potential liability. (ECF No. 180 at 3-7.) Belue also filed Objections to the Report maintaining that the Magistrate Judge erred in recommending Belue be

denied qualified immunity for the § 1983 claims, and in applying the law to the facts under the totality of the circumstances. (ECF No. 181 at 3-6.)

The Court has fully considered the Objections raised by Myrtle Beach and Belue, as well as the responses filed by the parties, and the record in this case. The Court however, overrules the Objections and accepts the Magistrate Judge's well-reasoned findings and recommendations.

As it relates to Belue's Objections, it is clear that he does not maintain any objection to the Magistrate Judge's recitation of the applicable law and summary of the relevant facts. Instead, he objects to the application of the law to the facts in that the Magistrate Judge found issues of fact preclude a grant of summary judgement in Belue's favor. (ECF No. 181 at 3.) The Magistrate Judge, however, appropriately declined to engage in a weighing of evidence as it pertains to Belue's actions in connection with the entry into Plaintiff's apartment, execution of the search warrant and the events that unfolded thereafter. As the Fourth Circuit recently held: "[s]ummary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). At the summary judgment stage, the courts must also "refrain from weighing the evidence or making credibility determinations." *Id.* (internal citations and quotations omitted). The Magistrate Judge was correct in her assertions about how a reasonable jury may (or may not) consider the evidence. Construing the evidence in the light most favorable to Plaintiff, this Court agrees with the Magistrate Judge that there are genuine issue of material fact regarding Plaintiff's unlawful entry and excessive force claims. Regarding Belue's qualified immunity defense, "[c]ourts have discretion to decide the order in which to engage [the two prongs of the qualified immunity analysis]…But under either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 134

S. Ct. 1861, 1866 (2014). "This is not a rule specific to qualified immunity; it is simply an application of the more general rule that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (internal citations and quotations omitted). The Supreme Court's "qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant." *Id.* The Magistrate Judge appropriately applied this standard in the present case on Belue's qualified immunity defense. This Court does the same. For these reasons, the Court denies Belue's Motion for Summary Judgment as to Plaintiff's Fourth Amendment causes of action for unlawful entry and excessive force.

The Court grants Belue's Motion for Summary Judgment on the claim for Fourth and Fourteenth Amendment tactical excessive force violations. Neither party has objected to the Magistrate Judge's recommendation concerning this claim and the Court finds no error in the analysis.

The Court also agrees with the Magistrate Judge's assessment of Plaintiff's state law claims. (ECF No. 173 at 29-30.) Issues of fact remaining concerning Belue's alleged unlawful entry and alleged use of excessive force preclude a finding of statutory immunity for Belue under the SCTCA. Thus, Belue's Motion for Summary Judgment as to Plaintiff's state law claims is also denied.

The Court has also carefully reviewed Myrtle Beach's objections. To hold a governmental entity liable under § 1983, a plaintiff must prove that a policy or custom, or ratification of a policy or custom by Myrtle Beach caused a constitutional violation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). In other words, "[m]unicipal policy may be expressed in

legislative acts, like an ordinance or regulation; in a single action taken by a municipal official with final policymaking authority in the relevant area; or even by the actions of a subordinate official that a higher official ratifies." *U.S. Cold Storage, Inc. v. City of Lumberton*, 34 F. App'x 429, 432–33 (4th Cir. 2002)(unpublished decision)(")(internal quotations and citations omitted). The Supreme Court has held that the district court should decide as a matter of law whether an official has final policy making authority for the purposes of § 1983 litigation. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989).

The Court agrees with the Magistrate Judge's analysis of the policy making authority of Myrtle Beach and Chief Gall based on state statute, which was subsequently delegated to the DEU and the DEU governing board by virtue of the relevant Fifteenth Circuit Drug Enforcement Unit Agreement ("Agreement") and state statute. Chief Gall sat on the DEU governing board as the head of a "participating law enforcement agency" in order to "set policy, approve the budget, and provide general direction for DEU operations." (ECF No. 173 at 33-36; ECF No. 142-5 at 3.) Indeed, the Agreement specifically indicates that the operations of the DEU and local narcotics departments were not intended to overlap. (ECF No. 142-5 at 3.) Thus, the DEU was to maintain a "close working relationship with all participating agencies." (ECF No. 142-5 at 3.) Chief Gall himself testified that the role of the DEU governing board includes the provision of administrative and operational oversight, and the approval of policies and procedures. (ECF No. 158-9 at 9.)

As Myrtle Beach's Objections demonstrate, the relationship between the DEU and Myrtle Beach is a complicated one. But the Magistrate Judge gave appropriate care in considering the relevant statutory provisions and the DEA Agreement which in fact highlights the unique relationship between Myrtle Beach, the DEU, the DEU governing board and Myrtle Beach Chief

9

of Police Gall.  In determining who makes policy in the context of *Monell* § 1983 liability, the Supreme Court "has never reasoned that all policymaking authority must be vested in a single body that either exercises that power or formally delegates it to another. Few local governments would fit that rigid model." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 802 (1997).  The instant case highlights that point.  For the reasons set forth herein and by the Magistrate Judge, this Court finds as a matter of law that Myrtle Beach and Chief Gall had final policy making authority over the DEU.

As the Report illustrates, the next relevant questions are the existence of a custom or policy, whether the City is liable for the action or inaction of the DEU as it relates to the search warrant executions and whether the municipal policy or custom was the moving force behind a particular constitutional violation.  The ultimate conclusion of the Report as it pertains to Myrtle Beach's potential liability is simply that there is enough evidence in the record for a reasonable jury to differ on these points of inquiry in the § 1983 analysis.  The Magistrate Judge correctly concluded there is a genuine issue of material fact on these issues.  *See Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991)("[We think a fair-minded jury could find that the county has a custom or practice of letting incidents of excessive force go unpunished."); *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996)("Normally, the question of whether a policy or custom exists would be a jury question.").

In addition, there is evidence in the record from which a reasonable jury could conclude that Myrtle Beach ratified the DEU's conduct.  Under the Agreement, the participating agencies in the DEU assumed "all civil liability for actions of their assigned law enforcement agents acting within the scope of his/her duties." (ECF No. 142-5 at 7.)  Participating agencies in the DEU were charged with approving the Standard Operation Procedure Manual for the DEU. (ECF

No. 142-5 at 9.) Additionally, Chief Gall signed the agreement on behalf of the Myrtle Beach Police Department. (ECF No. 142-5 at 13.) These provisions constitute evidence from which a jury could reasonably conclude that Myrtle Beach ratified, adopted or otherwise approved of the action or inaction of the DEU. This concept was recognized in *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), whereby "[i]f the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Ordinarily, ratification is a question for the jury." *Christie v. Iopa*, 176 F.3d 1231, 1238–39 (9th Cir. 1999).

As the Magistrate Judge acknowledged, it is not appropriate for the Court to weigh in on the factual issues in dispute as they pertain to Myrtle Beach's potential liability and deliberate indifference. Accordingly, the Court denies Myrtle Beach's Motion for Summary Judgment on Plaintiff's claims for municipal liability under § 1983.

## CONCLUSION

After careful *de novo* consideration of the relevant motions, objections and responses, the undersigned adopts the Report and incorporates it herein by specific reference to the extent not inconsistent. It is, therefore, ORDERED that Defendant Belue's Motion for Summary Judgment (ECF No. 149) is GRANTED in part and DENIED in part. Specifically, the motion is GRANTED as to Plaintiff's § 1983 claim for Fourth and Fourteenth Amendment tactical excessive force violations, but DENIED as to all other claims against Belue.

Additionally, the City of Myrtle Beach's Motion for Summary Judgment (ECF No. 142) is DENIED.

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 7, 2018
Greenville, South Carolina